UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                                                           CASE NO:

MATA CHORWADI, INC. d/b/a
HOMING INN and ANTHONY VARONE,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against MATA CHOWARDI, INC. d/b/a HOMING INN ("Homing Inn") and ANTHONY VARONE, and alleges:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 and damages over whether there is coverage for a claimant's overdose from fentanyl at an insured motel under an insurance policy with an Absolute Pollution Exclusion and Chemical Materials Exclusion, among others.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

3. Venue is proper in this district because Kinsale issued and delivered the policy to its named insured Homing Inn in this district, the underlying lawsuit is pending in this district,

defendant Homing Inn has its principal place of business in this district, and "a substantial part of the events giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4.  All conditions precedent occurred, were performed, or have been waived.

## THE PARTIES

5.  Kinsale is an Arkansas corporation with its principal place of business in Virginia. For purposes of this action, Kinsale is an eligible surplus lines insurer that issued a commercial general liability policy to Homing Inn.

6.  Homing Inn is a Florida corporation with its principal place of business in Boynton Beach, Florida. Homing Inn is the defendant in an underlying wrongful death lawsuit by Anthony Varone, as personal representative of the estate of Laura Varone. Homing Inn seeks coverage under the Kinsale policy.

7.  Anthony Varone is domiciled in Florida.

## THE FENTANYL OVERDOSE OF LAURA VARONE

8.  Anthony Varone sued Homing Inn for the wrongful death of Laura Varone on 06/07/2019. (A copy of the complaint is attached as Exhibit "A.")

9.  Ms. Varone died from using fentanyl at Homing Inn's premises. (Compl. ¶29.)

10.  "Fentanyl is a synthetic opioid that is 50-100 times stronger than morphine. Pharmaceutical fentanyl was developed for pain management treatment of cancer patients and applied in a patch on the skin. Because of its powerful opioid properties, Fentanyl is also diverted for abuse. Fentanyl is added to heroin to increase its potency or be disguised as highly potent heroin." (*See* https://www.dea.gov/factsheets/fentanyl.)

11.  According to the complaint, Homing Inn is responsible for Ms. Varone's death because the motel failed to take reasonable action to deter illegal drug activity or to provide access

to reasonable medical care, like Narcan, which can be used to save people when they overdose on illegal drugs. (Compl. ¶24.)

12. Homing Inn, the complaint alleges, should have taken reasonable steps to protect Ms. Varone because it created a foreseeable zone of risk for its invitees by tolerating, condoning, and sanctioning the distribution and use of illegal drugs at its premises. (*Id.*, ¶¶16, 22.)

13. Kinsale is defending Homing Inn in the lawsuit under a complete reservation of rights.

## THE KINSALE POLICY

14. Homing Inn purchased a new surplus lines insurance policy from Kinsale, bearing Policy Number 0100080090-0, effective from 01/29/2019 to 01/29/2020. (A copy of the policy is attached as Exhibit "B.")

15. All of the terms of the policy were initially disclosed to Homing Inn.

16. All of the terms of the policy were then disclosed to Homing Inn in a Binder.

17. Homing Inn accepted all of the terms of the policy.

## COUNT I – THE ABSOLUTE POLLUTION EXCLUSION

18. Kinsale incorporates Paragraphs 1 through 17.

19. The policy includes the following exclusion:

# EXCLUSION - ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**
The following exclusions are added to this policy. If the policy already includes a pollution exclusion or a pollution related exclusion, such exclusion(s) is (are) deleted and replaced with the following:

1. This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or

    damage arising directly or indirectly out of, related to, or, in any way involving:

    Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

2.   This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

    a.   "Bodily injury", "personal and advertising injury", "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

    b.   Any loss, cost, expense, fines and/or penalties arising out of any (i) request, demand, order, governmental authority or directive that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants", environmental impairments, contaminants or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

    These exclusions apply regardless of whether:

1.   Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

2.   An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

(*See* Form ADF3003 0110.)

20. Ms. Varone died from using fentanyl at Homing Inn.

21. Fentanyl qualifies as a "pollutant" under the policy.

22. Accordingly, Kinsale has no duty to defend or indemnify Homing Inn.

### COUNT II – THE CHEMICAL MATERIALS EXCLUSION

23. Kinsale incorporates Paragraphs 1 through 17.

24. The policy includes the following exclusion:

## EXCLUSION - NUCLEAR, BIOLOGICAL OR CHEMICAL MATERIALS

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

This insurance does not apply to any loss, injury, claim or damage arising directly or indirectly out of or relating to any activity by an individual acting alone, or individuals acting as part of a group, that involves any violent act, including the threat of any activity or preparation for any activity that involves the use, release, dispersal, discharge, escape or application of:

a. Nuclear materials, or directly results in nuclear reaction or radiation or radioactive contamination; or

b. Pathogenic or poisonous biological or chemical materials.

(*See* Form ADF010 0110.)

25. Ms. Varone died from using fentanyl at Homing Inn.

26. Fentanyl qualifies as "chemical materials" under the policy.

27. Accordingly, Kinsale has no duty to defend or indemnify Homing Inn.

## COUNT III – OTHER POLICY EXCLUSIONS

28. Kinsale incorporates Paragraphs 1 through 17.

29. Exclusion a. Expected or Intended Injury bars coverage to the extent the complaint alleges that Ms. Varone's drug use and overdose was expected by Homing Inn. (*See* Form CG 00 01 10 01, Pg. 2/16.)

30. The Liquor Liability exclusion bars coverage to the extent Homing Inn is being sued by reason of causing or contributing to the intoxication of any person. (*See* Form CAS3019 0110, Pg. 1/1.)

31. The Failure to Maintain exclusion bars coverage to the extent the complaint alleges that Ms. Varone's drug use and overdose involved a violation by Homing Inn of any law, local order or directive involving any duty to maintain any room in safe, sanitary, healthy, habitable or tenantable condition. (*See* Form CAS3103 0718, Pg. 1/2.)

32. The Duty to Defend exclusion prevents Kinsale from defending a lawsuit where there is no coverage under the policy. (*See* Form CAS3043 0817, at Pg. 2/3.)

33. Accordingly, Kinsale has no duty to defend or indemnify Homing Inn.

## RELIEF REQUESTED

Kinsale respectfully requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Kinsale policy;

b. Declare the following:

  i. Homing Inn is not entitled to coverage because the Absolute Pollution exclusion applies;

  ii. Homing Inn is not entitled to coverage because the Chemical Materials exclusion applies

      iii.    Homing Inn is not entitled to coverage because the Expected or Intended Injury exclusion applies;

      iv.    Homing Inn is not entitled to coverage because the Liquor Liability exclusion applies;

      v.    Homing Inn is not entitled to coverage because the Failure to Maintain exclusion applies; and

      vi.    Homing Inn is not entitled to a defense from Kinsale because there is no coverage under the policy.

c. Award Kinsale all expenses Kinsale spent defending Homing Inn in the underlying wrongful death action.

d. Award Kinsale all costs incurred to prosecute this action, as well as other relief this Court deems equitable, just, and proper.

Dated: 09/16/2022

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO A. BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646