UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-81446-AMC

KINSALE INSURANCE CO.,

    Plaintiff,

vs.

MATA CHORDWADI, INC.
d/b/a HOMING INN, and
ANTHONY VARONE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [ECF No. 19]

Plaintiff sues for a declaratory judgment that there is no insurance coverage for an overdose death at the Homing Inn. ECF No. 1. The Complaint alleges that seven policy exclusions apply. *Id*. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19.

The Complaint alleges that Laura Varone died from a fentanyl overdose at the Homing Inn. ECF No. 1 at ¶9. In underlying state court litigation, Anthony Varone has sued the Homing Inn on the theory that it negligently failed to deter illegal drug activity or to take reasonable steps to protect Laura Varone. *Id*. ¶¶11-12. At the time of Laura Varone's death, the Homing Inn had a commercial general liability insurance policy ("the Policy") from Plaintiff. ECF No. 1-3.

Count I alleges that the Policy does not provide coverage because of its Absolute Pollution and Pollution Related Liability Exclusion. Count II alleges there is no coverage because of the Policy's Nuclear, Biological or Chemical Materials Exclusion. Count III alleges there is no coverage because of the following exclusions: (1) Expected or Intended Injury, (2) Liquor Liability, (3) Failure to Maintain, and (4) Duty to Defend. ECF No. 1 at ¶¶ 19-32.

In their Motion to Dismiss, Defendants make two arguments. First, they argue that the Court should dismiss Counts I and II because, on the merits, the exclusions in question do not apply. Second, they argue that Count III must be dismissed because it fails to plead sufficient facts from which the Court could conclude that the exclusions apply.

For Counts I and II, Defendants ask for a ruling on the merits. That kind of ruling is not appropriate at this stage of the litigation. A 12(b)(6) motion challenges whether the Complaint alleges sufficient facts to state a plausible claim for relief. In other words, it challenges what is pled, not what can ultimately be proven. "The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.,* No. 21-CV-22960, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (J. Bloom) (citing *Schwab v. Hites,* 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a

2

declaration of its rights, not to whether it is entitled to a declaration in its favor." *Royal Selections, Inc. v. Fla. Dep't of Rev.*, 687 So. 2d 893, 894 (Fla. Dist. Ct. App. 1997), *cited in Evanston Ins. Co. v. Campany Roof Maint. Roofing Div., LLC,* No. 19-CV-80622, 2019 WL 7881630, at *2 (S.D. Fla. Oct. 25, 2019) (J. Middlebrooks). Defendants are not entitled to the relief they seek on Counts I and II, so their Motion to Dismiss these counts should be denied.

The Motion to Dismiss Count III should be granted. First, it groups multiple exclusions into a single count. By doing so, it becomes a shotgun pleading because it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).[1] Second, Count III does not assert sufficient facts to plausibly allege that any of the exclusions apply. Rather, it says that coverage is excluded "to the extent that" the underlying complaint makes certain allegations. ¶¶ 29-32. It does not cite to where in the underlying complaint (if at all) the relevant allegations exist, nor does it explain how those allegations would plausibly implicate the exclusion(s).

While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me

---

[1] The Court can raise the issue of a shotgun pleading *sua sponte. Vibe Micro v. Shabanets,* 878 F.3d 1291, 1295-96 (11th Cir. 2018).

accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss as to Counts I and II and GRANT the Motion to Dismiss as to Count III WITHOUT PREJUDICE. Plaintiff should be given one chance to correct the failings in Count III. *Vibe Micro,* 878 F.3d at 1296 (Court must give represented party one chance to correct shotgun pleading).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 16th day of March 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE