UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-81446-AMC

KINSALE INSURANCE CO.,

     Plaintiff,

vs.

MATA CHORWADI, INC.
d/b/a HOMING INN, and
ANTHONY VARONE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS [ECF No. 32]

  In an Amended Complaint, Kinsale Insurance Co. sues for a declaratory judgment that there is no insurance coverage for an overdose death at the Homing Inn. ECF No. 31. The Amended Complaint alleges that six policy exclusions apply. *Id*. Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 32.  For the reasons below, I RECOMMEND that Defendants' motion be GRANTED IN PART AND DENIED IN PART.

## I.  STATE COURT LITIGATION

  Laura Varone died from a fentanyl overdose at the Homing Inn. ECF No. 31 at ¶9. Her father, Anthony Varone, has sued the Homing Inn in Florida state court on the theory that it negligently failed to deter illegal drug activity or to take reasonable steps to protect Laura Varone. *Id*. ¶¶11-12. At the time of Laura Varone's death, the

Homing Inn had a commercial general liability insurance policy ("the Policy") from Kinsale.  ECF No. 31-2. Kinsale is defending Homing Inn in the state court litigation, subject to a reservation of rights. ECF No. 31 ¶14.

## II.     AMENDED COMPLAINT

The Amended Complaint alleges that the Policy does not provide coverage under six different exclusions:

Absolute Pollution Exclusion (Count I)

Chemical Materials Exclusion (Count II)

Liquor Liability Exclusion (Count III)

Expected or Intended Injury Exclusion (Count IV)

Failure to Maintain Exclusion (Count V)

Duty to Defend Exclusion (Count VI)

## III.     MOTION TO DISMISS

Defendants move to dismiss Counts III-VI for failing to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice") (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). It must contain sufficient assertions of fact that are entitled to the assumption of truth. *Iqbal,* 556 U. S. at 679.

A party is entitled to a declaration of rights when there is an actual controversy between the parties. 28 U.S.C. §2201. The actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels,* 512 F. App'x 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.,* 931 F.2d 744, 747 (11th Cir. 1991)). "The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995).

Rule 12(b)(6) has a limited focus when a party is seeking declaratory relief. As I explained in a prior order in this case:

> "The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.,* No. 21-CV-22960, 2022 WL 356452, at *4 (S.D. Fla. Feb. 7, 2022) (J. Bloom) (citing *Schwab v. Hites,* 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012)). "A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor." *Royal Selections, Inc. v. Fla. Dep't*

*of Rev.*, 687 So. 2d 893, 894 (Fla. Dist. Ct. App. 1997), *cited in Evanston Ins. Co. v. Campany Roof Maint. Roofing Div., LLC,* No. 19-CV-80622, 2019 WL 7881630, at *2 (S.D. Fla. Oct. 25, 2019) (J. Middlebrooks).

*Kinsale Ins. Co. v. Mata Chorwadi, Inc.*, No. 22-CV-81446-AMC, 2023 WL 2652977, at *1 (S.D. Fla. Mar. 16, 2023) (J. Reinhart), *report and recommendation adopted* No. 22-81446-CIV, 2023 WL 2646664 (S.D. Fla. Mar. 27, 2023) (J. Cannon).

It is well-settled that "a legal dispute over the correct interpretation of a contract is an appropriate subject for declaratory relief." *Pediatrix Med. Grp. of Fla., Inc. v. Aetna Inc.*, No. 18-60908-CIV, 2018 WL 4997092, at *6 (S.D. Fla. Aug. 27, 2018) (J. Cohn). In the context of insurance contracts, "a party must identify a genuine dispute over 'the existence or non-existence of some right or status.' . . . The party moving for declaratory judgment must identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification." *Miami Yacht Charters, LLC v. National Union Fire Ins. Co. of Pittsburgh PA*, No. 11-21163, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012) (J. Goodman) (citations omitted). As succinctly summarized by the Florida Second District Court of Appeal, a complaint for declaratory relief states a claim if it alleges:

> a bona fide dispute between the parties and that the moving party has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may de[p]end, that plaintiff is in doubt as to the right, status, immunity, power or privilege, and that there is a bona fide, actual, present need for the declaration.

*Smith v. City of Ft. Myers*, 898 So. 2d 1177, 1178 (Fla. Dist. Ct. App. 2005) (bracket in original).

As to each exclusion at issue here, a justiciable controversy exists if (1) the well-pled facts raise a question about whether the Policy provides coverage, (2) Plaintiff will suffer an injury-in-fact if it is required to provide coverage under the Policy, and (3) a ruling that no coverage exists will redress that injury.

I now address Defendants' arguments on each contested Count.

*Count III*

The Policy contains a Liquor Liability Exclusion that says:

**Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

ECF No. 31-2 at 7; ECF No. 31 ¶29. The Policy also includes an endorsement that removes the last paragraph of the Exclusion. ECF No. 31-2 at 51.

Defendants argue that Count III fails to plead a claim that this exclusion applies because it does not allege that Homing Inn was in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. Plaintiff responds that the exclusion, as modified by the endorsement, does not require proof that Homing Inn was in the alcoholic beverage business. Plaintiff is correct, so Defendant's motion to dismiss Count III on this basis should be denied.

5

Defendants also argue that the Amended Complaint does not allege evidence or facts "to support the Insured/Defendant Mata Chorwadi, Inc. caused or contributed to the intoxication of Laura Varone." ECF No. 39 at 5. Kinsale's Response does not address this argument. Nevertheless, the well-pled facts incorporated into the Amended Complaint allege that Homing Inn was on notice that patrons were using drugs in dangerous amounts and that Homing Inn did not take steps to prevent this conduct. *See* ECF No. 31-1 at 3-5. Viewed in the light most favorable to Kinsale, the Amended Complaint plausibly alleges an actual controversy over whether Homing Inn, by inaction, caused or contributed to Ms. Varone's intoxication.

*Count IV*

Count IV invokes the Expected or Intended Injury exclusion, which says:

**Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

ECF No. 31-2 at 7; ECF No. 31 ¶33. Defendants argue the Amended Complaint does not plead any facts about Homing Inn's knowledge or intent. Plaintiff responds that the underlying state court complaint, which is referenced and attached to the Amended Complaint, alleges the following well-pled facts: employees or agents of Homing Inn found overdosed dead bodies there in the prior 3 years, there were 13 fatal overdoses at the premises in the prior 3 years, despite knowing about these overdoses, Homing Inn did not take steps to secure its premises. *See* ECF No. 31-1 at 3-5. Viewing these facts in the light most favorable to Plaintiff, at a minimum, they

6

raise an inference that Homing Inn should have expected Ms. Varone's overdose. Therefore, the Amended Complaint states a plausible claim that an actual controversy exists over whether the Expected or Intended Injury Exclusion applies.

*Count V*

Count V relies on the Failure to Maintain exclusion of the General Liability Coverage, which says:

A. The following exclusions are added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

1. Violation of any law, local order or directive involving any duty to:

a. Maintain any room, dwelling or premises in a safe, sanitary, healthy, habitable or tenantable condition; or

b. Restore any room, dwelling or premises to a safe, sanitary, healthy, habitable or tenantable condition.

2. Any failure to respond to or comply with any federal, state, municipal or local order or directive to correct conditions at or near any room, dwelling or premises in violation of any federal, state, municipal or local statute, ordinance, rule, order or regulation.

3. Breach of any lease, rental agreement, contract, warranty or covenant, whether written or oral, involving any duty to maintain any room, dwelling or premises in a safe, sanitary, healthy, habitable or tenantable condition.

4. Violation of:

a. Any Housing and Urban Development laws, ordinances or statutes;

b. Any rent stabilization laws or ordinances;

c. Any federal, state or local government subsidized program rules or regulations; or

7

d. Any administrative rules or regulations pertaining to a. through c. above, including but not limited to those promulgated by local authorities.

5. Violation of:

a. The California Civil Code Section 1941-1941.1 inclusive;

b. The California Civil Code Section 1942.4 inclusive;

c. The California Health and Safety Code Section 17920-17928 inclusive;

d. The California Mobile Home Residency Law (California Civil Code Sections 798 through 799.5 inclusive);

e. The California Mobile Home Parks Act (California Health & Safety Code Sections 18200 through 18700, inclusive); or

f. Any administrative rules or regulations pertaining to a. through e. above, including but not limited to those promulgated by local authorities.

6. The wrongful eviction from, wrongful entry into, or invasion of private right of occupancy of a room, dwelling or premises, either actual or constructive, arising in whole or in part or in any way involving items 1. through 5. above.

B. The exclusions set forth in this endorsement shall apply:

a. Whether the insured may be liable as an owner, landlord, tenant, operator or property manager or in any other capacity; and CAS3103 0718 Page 1 of 2 Case 9:22-cv-81446-AMC Document 31-2 Entered on FLSD Docket 04/07/2023 Page 62 of 77

b. To any obligation to pay any attorneys' fees or costs, or share damages with, indemnify or repay someone else who must pay damages because of "bodily injury", "property damage" or "personal and advertising injury" arising out of items 1. through 6. above; and

c. To the negligent hiring, employment, training, monitoring, supervision, or retention of any employee or agent of any insured with respect to items 1. through 6. Above.

ECF No. 31 ¶36; ECF No. 31-2 at 62-63.

8

It is not entirely clear which portion of the exclusion Plaintiff is invoking, here. Count V cites the entire exclusion, then says, "To the extent the complaint alleges that Ms. Varone's drug use and overdose involved a violation by Homing Inn of any law, local order or directive involving any duty to maintain any room in safe, sanitary, healthy, habitable, or tenantable condition, Kinsale has no duty to defend or indemnify Homing Inn." ECF No. 31 ¶37. This argument is conditional and circular. It does not allege facts entitled to the assumption of truth. In its Response, Plaintiff argues, "The exclusion bars coverage for bodily injury 'arising out of' breach of any duty to maintain premises in a 'safe' condition." ECF No. 35 at 4. It then cites several facts from the underlying complaint. *Id*. None of these facts reference any law, local order, or directive, nor do they reference any lease, rental agreement, contract, warranty or covenant. Because the Amended Complaint fails to allege these predicate facts, there is no actual controversy that requires the Court to interpret the Failure to Maintain exclusion. *See Chisholm Properties* 2022 WL 356452, at *5 (granting motion to dismiss declaratory judgment action where complaint failed to plead a condition precedent to coverage).

*Count VI*

The Policy says, "Where there is no coverage under this policy, there is no duty to defend." ECF No. 31-2 at 54; ECF No. 31 ¶39. Defendants incorrectly argue the Amended Complaint lacks any fact to support the lack of coverage. ECF No. 32 at 8. At this stage, Plaintiff only needs to plead facts showing that there is an actual controversy about whether coverage exists under the Policy. The Court already

determined that the Amended Complaint alleges counts that state a claim upon which relief can be granted. If those exclusions apply, there is no coverage. Because there is an actual controversy that requires interpretation of these exclusions, Count VI survives Defendants' 12(b)(6) motion.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss as to Counts I, II, III, IV and VI and GRANT the Motion to Dismiss as to Count V.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of June 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE